The case is U.S. Well Services v. Halliburton Energy Services, 2023-1608. Mr. Dobbs. Good morning, Your Honors. May it please the Court. Your Honors, the question in this appeal is a question of claim construction, and I know the Court's aware of the claim limitation at issue. It primarily comes down to the meaning of frequently performing electric motor diagnostics to prevent damage to the electric motors if they become grounded or shorted. And as we explained in our brief, our position is that that if phrase that ends that limitation is critical. And we think that's You forfeited that, correct? You forfeited that argument, the if argument. No, Judge Raynor, I don't believe so. I think what we've done on appeal is we've taken a look at the record, and I could, to be candid, I think some of the arguments on both sides were not the exemplars of clarity. But throughout the entire proceeding below, there was always this focus on the if phrase. So for example, at Appendix 4418, and this is in the Patent Owner Response, So at 4418, Patent Owner Response, we are presenting arguments in terms of the frequently performing electric motor diagnostics limitation, and you can see where in the middle of the page, electric motor diagnostics is beveled and underlined to prevent damage to the electric motor if they become grounded or shorted. So the if is bolded. And that's repeated throughout the proceeding below.  But if is the distinguishing characteristic here, that means that performing these diagnostics without their being grounded or short is in the prior art, and so to do it after the fact makes it patentable, I mean, that's almost an absurdity. I'd push back a little bit on saying it's an absurdity. We're responding to Just a little bit. Well, a fair bit, Your Honor. We're responding to the Halliburton's position in the petition. And this is the case they presented, and is primarily, is based entirely on the Horikoshi reference, providing a VFD that performs diagnostics. So if you look at the patent itself, our patent itself, and this is at Appendix 87, and Column 4, and this part of the disclosure is consistent with the claim construction we're presenting, where it says, for example, motor diagnostics can be performed frequently, for example, on the application of power, or with each start, to prevent damage to a grounded or shorted electric motor. So that phrase is talking about a grounded or shorted electric motor. But that's inconsistent with your own theory, because it says you can satisfy the claim limitation by doing a diagnostic when you start the motor, which is not after a short has occurred. Absolutely not, Judge Dike. A short, you can have a motor that has experienced a short, and you stopped it, and then you restart it. And so when you restart that motor, Judge Dike, I understand maybe you're not agreeing with me right now, but that is the theory that Halliburton presented in this petition. You keep misquoting the claim. It doesn't say do diagnostics if they become grounded or shorted. It said to prevent damage to the electric motors if they become grounded or shorted. Those two things are different. In other words, you can perform a diagnostic before the short to prevent damage in case it becomes shorted. Correct. But, and this was all discussed in the context of the Horikoshi reference, which discloses only detecting a grounded or a short. And our patent with the if is after the motor has been grounded or shorted. And that's the plain reading of the claim term. It's consistent with the spec in terms of column 48 on page 87 of the appendix, which I just read. And it's also consistent with the prosecution history with respect to the related 410 patent, which a similar argument was raised. And we also identify the extrinsic evidence, our expert testimony. All of this is consistent. And there's no doubt that the Horikoshi reference is able to detect a ground or a short. And we don't dispute that. But doesn't if modify prevent damage if rather than modifying frequently performing, which I think is what Judge Teichman suggested.  Well, that's Halliburton's argument in response to our position. Yes, but isn't that a fair reading of the language of the claim? I disagree with that because that phrase, right, so when you read the claim term, it's that subsequent clause, if they become grounded or shorted, if they, references back to the electric motors. Motors. Right. And it becomes superfluous if you just read out that if phrase as not requiring a predicate act of the engine, the motors becoming grounded or shorted. But interpreting if to modify frequently makes no sense because it says it doesn't cover performing diagnostics unless the motors become grounded or shorted, which makes no sense. Judge Larry? The if has to modify preventing. If it modified frequently performing, it would mean that the language doesn't cover performing in the absence of the engine being grounded or shorted. That makes no sense. Diagnostic method is intended to be performed at any time. Right, but that view of it then makes that if they become grounded or shorted completely superfluous. The point of this is there's a distinction, and that's what we've always argued below to the board, is that there's a distinction between electric motor diagnostics and then identifying a short or a ground. And Halliburton presented their obviousness position on the premise that Horikoshi is able to detect a short or a ground. We don't dispute that. But then when you look at our specification in context with this phrase limitation with the if, the if is a temporal indicator in that claim limitation, then it necessarily requires that that to have occurred before the electric motor diagnostics is performed. Doesn't the specification say that diagnostics can be performed with each start? Correct, Judge Lori. And then again, that's entirely consistent with our interpretation of the claim because under that situation or scenario, you have an electric motor that has already experienced a short or a ground, and then when you start it up, you are performing electric motor diagnostics to ensure that however that motor Is there a suggestion of that in that part of the specification that there's already been a short when it starts up? It talks about any time it starts up, you can do a diagnostic. It's not conditioned on a short having occurred before then. No, Judge Dyke, I disagree strongly on that because, again, going back to the sentence that I just read, it says that diagnostics can be performed frequently to prevent damage to a grounded or shorted electric motor. And that phrase, when you're saying a grounded or shorted electric motor, that necessarily indicates that the motor is already grounded or shorted. You left out the parenthetical. For example, in the application of power all with each start. It's still consistent, Judge Lori. I left it out because I read it before. But that is consistent because, again, if you have an electric motor that has experienced a ground or a short in the past, Horikoshi would teach that you could detect that. But that doesn't prevent you from running the electric motor in the future. And what the claim that we have is directed to is performing the diagnostics once that ground or short has occurred in the electric motor. And then that future diagnostics, that is what prevents damage to the electric motor. Unless there are any further questions, I'll reserve the remainder of my time. We will stand before you. Thank you, Your Honor. Mr. Bovo. Good morning, Your Honors, and may it please the Court. Justin Bovo for the USPTO. I'd like to jump right into where Mr. Dowd pointed to the construction that they presented to the Board. He cited to Appendix 4418, but at 4411 and 4413 is where they presented their position for the claim construction here. So at 4411, what they said was this means test performed on an electric motor to detect problems. And then on 4413, the top paragraph there, it says this phrase, the phrase electric motor diagnostics, means that the motor diagnostics can be performed to prevent damage to a grounded or shorted electric motor, not that the VFD specifically detects a grounding or short. Nowhere in there is there any explanation that this only occurs after a grounding or short. And consistent with this Court's decisions in Google and in Interactive Gift Express, that's forfeited. There's no reason that the Court even need to consider this new construction appeal. But even if it did, as Your Honors have pointed out, the plain language of this makes clear that that if clause is modifying the to prevent clause. So the question is, why are these diagnostics being performed? To prevent damage to the motors, and what causes that damage if there is a short or a grounding? That's also consistent with the specification that Mr. Dowd pointed to in Column 4, where it's talking about this, and as Judge Dyke and Judge Lurie both pointed out, that this can happen on each start, which means, of course, there's no grounding because there's no power to the motor yet. So you then are running this diagnostic to prevent any potential damage on the start or on the application of power to the motor. Unless the Court has any questions, I'll see the rest of my time. My question is, why does the Patent Office issue claims of this nature? I don't have a great answer for that, Your Honor, except for that this is a, there is guidance in the NPEP 2111 about conditional phrases, treats it as limiting. If we get into the merits here with Horikoshi, the Board did find, made these findings in Appendix 23 to 29, that Horikoshi discloses it, even if considered a limitation. But that's all I have for you. Thank you, Mr. Colvin. Thank you, Your Honor. Mr. Dowd has some time. So, Judge Lurie, to answer your question, the Patent Office issued these claims because they were patentable at the time, and they're novel claims. There's no question about their novelty. And the only question is whether these two references, Koli and Horikoshi, teach that if limitation. But they don't, because Horikoshi, because Horikoshi only teaches the detecting of a short or a ground. And if you agree with either the Board's interpretation of the claim or Halliburton's interpretation of the claim, I agree with you, but I submit, Your Honor, under the correct claim interpretation, and when you read Paragraph 87, there's no, excuse me, there's no way to read Paragraph, sorry, Appendix 87, on Column 4, to not understand that the diagnostics is performed on an electric motor that already is grounded or shorted. And that's the distinction, because the claim structure is grounding or shorting is one event, and then electric motor diagnostics is a subsequent event. Horikoshi teaches only the first part, and there's no reference that teaches the continued electric motor diagnostics when you have a ground or a short. And unless the Court has further questions, I'll ask that the Court reverse. Thank you, Mr. Chairman.